**IT IS ORDERED as set forth below:**

**Date: June 11, 2015**

_____
**Margaret H. Murphy**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **SHARINA VICTORIA MORRIS**, | ) | CASE NO. **15-56234** - MHM |
| | ) | |
| Debtor. | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| | ) | |
| SHARINA VICTORIA MORRIS, | ) | **CONTESTED MATTER** |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| CRESCENT BANK AND TRUST, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO AVOID LIEN**

Debtor filed a *Motion to Avoid Lien* May 12, 2015, pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d) (Doc. No. 11). Debtor seeks to avoid a judicial lien. It appears, however, that Debtor's motion is deficient in the following respects:

● Debtor seeks to avoid Respondent's lien encumbering personal property.  The Motion is deficient because it fails to set forth facts sufficient to support the relief requested.

Under § 522(f), Debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption [.]" A lien impairs an exemption to the extent that the value of Debtor's interest in the property is less than the sum of the lien, all other liens on the property, and the amount of exemptions Debtor could claim if no liens attached to the property.

Whether an exemption is impaired is a legal conclusion.  The Motion should contain *facts* supporting such conclusion – *i.e.* the value of Debtor's interest in the property, and the amount of liens and exemptions on the property.  Without allegations of fact in the Motion, the court does not have a sufficient factual basis to form legal conclusions; because only facts – not legal conclusions – are deemed admitted when a motion is unopposed, even unchallenged motions must be denied if they fail to contain facts supporting the legal conclusion therein.  Allegations of fact in Debtor's Schedules are not deemed admitted by a lien creditor's failure to respond to the Motion.

Moreover, to the extent the lien in question might attach to a vehicle or to real property, the Motion should allege that evidence for Debtor's valuation of the vehicle or real property exists (a Rule 11 statement), or attach such evidence as an exhibit to the Motion.  Sufficient evidence can be readily obtained from NADA guides (for vehicles), in the form of a detailed printout setting forth detailed information, such as condition, mileage and options and tax records (for real property)[1].  Debtor's Counsel should review the *Instructions for Filing a Motion to Avoid Lien* available on Judge Murphy's page of the court website.[2]

---

[1] Online valuations of real property from sites such as Zillow.com or Eppraisal.com are presumptively insufficient evidence of value because their valuation algorithm fails to take into account features particular to each property – *e.g.* condition and upgrades.

[2] Judge Murphy's page may be accessed at www.ganb.uscourts.gov by selecting "Judge Margaret H. Murphy" under the red "Judges' Information" tab. From that page, select the tan "General Information" tab in the center of the page, then the relevant document under that tab.  Alternatively, the instructions may be accessed at *www.ganb.uscourts.gov/file/motiontoavoidlieninstructionspdf*.

- Debtor's Schedules[3] do not show that Respondent's claim is a judgment debt and the Statement of Financial Affairs does not show such a judgment or judgment lien. Moreover, Debtor's Schedule F shows Respondent's claim as an unsecured claim described as an "Auto Loan." Debtor should establish as a matter of fact that a judgment lien does exist, and appropriately amend the Schedules or Statement of Financial Affairs in order to seek relief under §522(f). Debtor may not avoid a consensual lien on a motor vehicle pursuant to 11 U.S.C. §522(f)(2). Accordingly, it is hereby

ORDERED that Debtor's motion to avoid lien is *denied* without prejudice.

[END OF DOCUMENT]

DISTRIBUTION LIST

| | |
|---|---|
| Sharina Victoria Morris<br>653 Outlook Way<br>Atlanta, GA 30349 | Crescent Bank & Trust<br>PO Box 1407<br>Chesapeake, VA 23327-1407 |
| Brett W. Clark<br>Law Office of Brett W. Clark, P.C.<br>P. O. Box 2693<br>Smyrna, GA 30081-2693 | Crescent Bank And Trust<br>5401 Jefferson Hwy<br>Suite D<br>Harahan, LA 70123 |
| S. Gregory Hays<br>Hays Financial Consulting, LLC<br>Suite 200, 3343 Peachtree Road, NE<br>Atlanta, GA 30326-1420 | Crescent Bank and Trust<br>c/o CT Corporation System, Reg Agent<br>1201 Peachtree Street, NE<br>Atlanta, GA 30361 |
| Office of the United States Trustee<br>362 Richard Russell Building<br>75 Spring Street, SW<br>Atlanta, GA 30303 | Crescent Bank and Trust<br>Attn: Robert C. Kenknight, CEO<br>115 Perimeter Center Place, Suite 285<br>Atlanta, GA 30346 |
| Crescent Bank and Trust<br>Trace Dillon or Dwayne Kinney<br>The Dillon Law Firm PC<br>1130 Hurricane Shoals Rd, Suite 600<br>Lawrenceville, GA 30043 | |

---

[3] Bankruptcy Rule 1007 requires a debtor to file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs (collectively, the "Schedules").

```
                          United States Bankruptcy Court
                          Northern District of Georgia
In re:                                                                                  Case No. 15-56234-mhm
Sharina Victoria Morris                                                                 Chapter 7
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 113E-9          User: ferrellf               Page 1 of 1                  Date Rcvd: Jun 11, 2015
                              Form ID: pdf400              Total Noticed: 9


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 13, 2015.
db             +Sharina Victoria Morris,    653 Outlook Way,    Atlanta, GA 30349-3983
aty             Brett W. Clark,    Law Office of Brett W. Clark, P.C.,     P. O. Box 2693,
                 Smyrna, GA  30081-2693
19096442       +Crescent Bank and Trust,    c/o CT Corporation System, Reg Agent,    1201 Peachtree Street, NE,
                 Atlanta, GA 30361-3503
19096444       +Crescent Bank and Trust,    Trace Dillon or Dwayne Kinney,    The Dillon Law Firm PC,
                 1130 Hurricane Shoals Rd, Suite 600,    Lawrenceville, GA 30043-4850
19096443       +Crescent Bank and Trust,    Attn: Robert C. Kenknight , CEO,
                 115 Perimeter Center Place, Suite 285,    Atlanta, GA 30346-1238
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr              E-mail/Text: ghays@haysconsulting.net Jun 11 2015 20:15:17     S. Gregory Hays,
                 Hays Financial Consulting, LLC,    Suite 200,    3343 Peachtree Road, NE,
                 Atlanta, GA  30326-1420
ust            +E-mail/Text: ustpregion21.at.ecf@usdoj.gov Jun 11 2015 20:15:12
                 Office of the United States Trustee,    362 Richard Russell Building,    75 Spring Street, SW,
                 Atlanta, GA 30303-3315
18963475        E-mail/Text: bankruptcy@cbtno.com Jun 11 2015 20:15:53      Crescent Bank & Trust,    PO Box 1407,
                 Chesapeake, VA 23327-1407
18942809       +E-mail/Text: bankruptcy@cbtno.com Jun 11 2015 20:15:54      Crescent Bank And Trust,
                 5401 Jefferson Hwy,   Suite D,   Harahan, LA 70123-4232
                                                                                               TOTAL: 4

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
18942810*      +Crescent Bank And Trust,    5401 Jefferson Hwy,   Suite D,   Harahan, LA 70123-4232
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 13, 2015                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 11, 2015 at the address(es) listed below:
              Brett W. Clark    on behalf of Debtor Sharina Victoria Morris info@bwclarklaw.com
              Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
              S. Gregory Hays    ghays@haysconsulting.net,
               saskue@haysconsulting.net;kmalek@haysconsulting.net;sjose@haysconsulting.net;GA32@ecfcbis.com
                                                                                             TOTAL: 3
```